UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | [Proposed] Protective Order |
| v. | 22 Cr. 539 (LAK) |
| Jadel Araujo,<br>a/k/a "Negro,"<br>a/k/a "Negromoneymaker,"<br><br>*Defendant.* | |



Upon the application of the United States of America, with the consent of the undersigned

counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court

hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of

    documents, objects and information, including electronically stored information ("ESI"),

    pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the

    Government's general obligation to produce exculpatory and impeachment material in

    criminal cases, all of which will be referred to herein as "disclosure material." The

    Government's disclosure material may include material that (i) affects the privacy and

    confidentiality of individuals; (ii) would impede, if prematurely disclosed, the

    Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial

    pretrial publicity if publicly disseminated; and (iv) that is not authorized to be disclosed to

    the public or disclosed beyond that which is necessary for the defense of this criminal case.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

2. Disclosure material shall not be disclosed by the defendant or defense counsel, including

    any successor counsel ("the defense") other than as set forth herein, and shall be used by

the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

3.   Disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses for purposes of defending this action.

4.   The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

5.   This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

6.   Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-

captioned case, whichever date is later. As may be appropriate: If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

7. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to that defendant.

### Retention of Jurisdiction

8. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

SO ORDERED:

Dated: New York, New York
~~February~~ __, 2023
Mar. 14

_____
THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

3